CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 1 7 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SMART CHOICE CORPORATION, | ) |
| | ) Civil Action No. 3:12CV00021 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| WAYNE'S ERECTING, LLC, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

Smart Choice Corporation ("Smart Choice") filed this action against Wayne's Erecting, LLC ("Wayne's Erecting"), asserting a claim for breach of contract. The case is presently before the court on the defendant's motion to dismiss. For the reasons that follow, the motion will be denied.

## Background

The following facts, taken from the plaintiff's amended complaint, are accepted as true for purposes of the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

M.D. Russell Construction contracted with Wayne's Erecting, a North Carolina limited liability company, to construct an office building for Bates Auto Body in Culpeper, Virginia. The contract was assigned to Smart Choice, a building contractor based in Boston, Virginia. Wayne's Erecting was notified of the assignment, and the company signed an unconditional waiver and release certifying that it had been paid in full for all labor, services, equipment, and material furnished to Smart Choice on the Bates Auto Body project.

In the instant action, Smart Choice claims that Wayne's Erecting breached the contract by ignoring project drawings and constructing the building incorrectly. Smart Choice alleges that

the defendant's faulty workmanship has resulted in water damage and mold problems, for which Smart Choice has been forced to compensate the building's owner.

Wayne's Erecting has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on April 5, 2013.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions," or a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a Rule 12(b)(6) motion, the court may properly consider exhibits attached to the complaint. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991).

## Discussion

As noted above, Smart Choice has asserted a claim for breach of contract against Wayne's Erecting. To establish a claim for breach of contract under Virginia law,* a plaintiff must

---

* Neither side has addressed which state's law should govern the applicable issues in this diversity case. The court assumes, for purposes of the instant motion, that Virginia law provides the elements of the plaintiff's claim. See, e.g., Equitable Trust Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir. 1975) ("In this diversity action we apply, as we must, the choice of law principles recognized in Virginia. . . . Virginia adheres to the principle that the law of the place of performance governs questions arising in connection with the performance of a contract.") (internal citations omitted).

2

demonstrate: "(1) a legally enforceable obligation of [the] defendant to [the] plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

In moving to dismiss the amended complaint, Wayne's Erecting challenges Smart Choice's ability to establish the first required element, that is, the existence of an obligation that is legally enforceable by the plaintiff. Assuming the truth of Smart Choice's allegations, however, the court concludes that the amended complaint contains adequate facts to state a "plausible" claim for relief. See Iqbal, 556 U.S. at 678. The amended complaint specifically alleges that Smart Choice was assigned the contract under which Wayne's Erecting constructed the office building for Bates Auto Body, and that Wayne's Erecting was aware of the assignment. These allegations are supported by the waiver and release attached to the amended complaint, pursuant to which Wayne's Erecting certified that it had been "paid in full for all labor, services, equipment or material furnished to Smart Choice Construction on the job of . . . Bates Auto Body." (Am. Compl. Ex. 3) (emphasis added). On this record, the court is of the opinion that Smart Choice's amended complaint is sufficient to withstand the pending motion to dismiss, and that the defendant's argument is best left for summary judgment after both parties have had the opportunity to conduct discovery regarding this issue.

## Conclusion

For the reasons stated, the defendant's motion to dismiss the amended complaint will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 16th day of April, 2013.

_____
Chief United States District Judge